**Tony Ray EVANS, Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden; et al., Respondents–Appellees.**

No. 06–56184.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed April 23, 2008.

Tony Ray Evans, pro se.

Gail Ivens, Michael Tanaka, Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Raquel M. Gonzalez, Elizabeth S. Voorhies, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

### MEMORANDUM *

█ The California Court of Appeal's determination that there had been no prosecutorial misconduct, and that Petitioner Tony Ray Evans' right to a fair trial had not been violated was not contrary to or an unreasonable application of any holding of the United States Supreme Court. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The case that Evans relies on, *Frazier v. Cupp*, held that there was no prosecutorial misconduct despite the fact that the evidence in that case did not support the prosecutor's opening statement. 394 U.S. 731, 737, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969). Therefore, *Frazier's* holding does not help Evans. As in *Frazier*, Evans concedes that the prosecutor in this case reasonably believed that the witnesses would testify if granted immunity. *See id.* at 736–37, 89 S.Ct. 1420.

█ The California Court of Appeal's determination that there was no deprivation of the right of confrontation was also not contrary to or an unreasonable application of Supreme Court precedent. Evans points to *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), and *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), as cases in which the Court found Confrontation Clause violations. Here, only a paraphrase of the problematic testimony was placed before the jury during the opening statement rather than during the trial. *See Frazier*, 394 U.S. at 735, 89 S.Ct. 1420. Therefore the impact of the procedure used was much less damaging than in *Douglas*, and, unlike the situation in *Bruton*, the jury here was "not being asked to perform the mental gymnastics of considering an incriminating statement against only one of two defendants in a joint trial." *Id.* As in *Frazier*, the jury in this case was instructed that statements made by counsel do not constitute evidence. *See id.* at 734, 89 S.Ct. 1420. Finally, the prosecutor's statements were not a vitally important part of the prosecution's case as there was other evidence connecting Evans to the crime. *See id.* at 735, 89 S.Ct. 1420.

█ Nor did the Court of Appeal act contrary to or unreasonably apply *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Evans did not demonstrate deficient performance by counsel. The California Superior Court's determination of the facts in light of the evidence presented was not unreasonable. The California Superior Court found that counsel made a tactical decision not to request or accept a four day delay before Kimberlin's testimony "and the tactical reasons of counsel were within the purview of competent trial counsel." Counsel announced on the record that his reasons were indeed tactical, and his declaration in the Superior Court provided

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sound reasons for the tactical decision counsel made.

AFFIRMED.